UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PRIME INSURANCE COMPANY,

Plaintiff,

v.

TOURISMO EXPRESS, INC., et al.,

Defendants.

No.  2:24-cv-02492-DAD-CSK

SCHEDULING ORDER

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the court has reviewed the parties' joint status report (Doc. No. 18) and has determined that the court need not "consult[] with the parties' attorneys and any unrepresented parties at a scheduling conference," before issuing a scheduling order in this case.  Fed. R. Civ. P. 16(b)(1)(B).  Accordingly, the court vacates the initial scheduling conference set for January 28, 2025 and hereby issues this scheduling order.

I.      SERVICE OF PROCESS

Named defendants Tourismo Express, Inc., Maria Guadalupe Rodrigues Calvillo, Andres Mendez Rodriguez, Santiago Mendez Rodriguez, Diego Mendez Rodriguez, Jose Omar Molina Amavizca, Pascual Ventura Flores, Mauro Diaz Santillan, Jose Luis Navarro Ayala, Miguel A. Mendez Navarro, Roberto Felipe Nevarez Ortega, Jairo Gurrola Gurrola, Alejandro Morales Hernandez, and Edgar Gerardo Gambino Reyes have been served as required by Federal Rule of

1

Civil Procedure 5.  Plaintiff intends to dismiss without prejudice unserved defendants Jose Sanchez Del Valle, Roberto Moto Arceo, Carlos Jesus Arinaga Ramirez, Jose Marchan Torres, Erick Villalobos, Alberto Morales Pena, Jaime Lopez Calixto, and Roberto Orozco Gonzales. (Doc. No. 18 at 3.)

No further service is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

II.    JOINDER OF ADDITIONAL PARTIES / AMENDMENT OF PLEADINGS

The parties do not anticipate the joinder of additional parties.  Plaintiff does not anticipate further amendments to the pleadings.  Defendants anticipate filing an amended answer.  (Doc. No. 18 at 3.)

No further joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.  *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 27 604 (9th Cir. 1992).  The parties are advised that the filing of motions and/or stipulations requesting leave to amend the pleadings does not imply good cause to modify the existing schedule.  Fed. R. Civ. P. 16 (b)(4); *see also Johnson*, 975 F. 2d at 609. Moreover, any amendment requested under Federal Rule of Civil Procedure 15(a) must not be: (1) prejudicial to the opposing party; (2) the product of undue delay; (3) proposed in bad faith; or (4) futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

III.   DISCOVERY PROCEDURES

Discovery matters that do not implicate the schedule of the case or that do not relate to sealing or redaction of documents related to dispositive motions are referred to the assigned United States Magistrate Judge, who will hear all discovery disputes subject to his or her procedures.  (The assigned magistrate judge's initials follow the district judge's initials next to the case number.)  All discovery documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing.  Do not direct delivery of courtesy copies of these documents to the district judge.  Counsel are directed to contact the magistrate judge's courtroom deputy clerk to schedule discovery matters for hearing.

/////

2

1    All motions to compel discovery must be noticed on the assigned magistrate judge's

2    calendar in accordance with the local rules of this court and the magistrate judge's own

3    procedures.  The written ruling of the assigned magistrate judge shall be final, subject to

4    modification by the district court only where it has been shown that the magistrate judge's order

5    is clearly erroneous or contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A).  Pursuant to Local Rule

6    303, any party may file and serve a "Request for Reconsideration by the District Court of

7    Magistrate Judge's Ruling."  *See* L.R. 303(c).  The requesting party must file and serve any such

8    request within fourteen (14) days of service of a written ruling.  L.R. 303(b).  The request must

9    specify which portions of the ruling are clearly erroneous or contrary to law and the basis for that

10   contention with supporting points and authorities.  L.R. 303(c).

11   In addition, the assigned magistrate judge reviews proposed discovery phase protective

12   orders sought by the parties pursuant to Local Rule 141.1.  However, requests to seal or redact in

13   connection with dispositive motions or trial are decided by Judge Drozd and any such requests

14   must comply with Judge Drozd's Standing Order and Local Rules 140 and 141.

15   IV.   <u>DISCOVERY DEADLINES</u>

16   **A.   Rule 26(a) Initial Disclosures**

17   The parties shall serve their initial disclosures pursuant to Federal Rule of Civil Procedure

18   Rule 26(a)(1) no later than February 27, 2025, which is a date proposed by plaintiff.  (Doc. No.

19   18 at 4.)

20   Any parties served or joined after the issuance of this scheduling order shall "make the

21   initial disclosures within 30 days after being served or joined," as provided by Rule 26(a)(1)(D).

22   **B.   Fact Discovery**

23   All fact discovery shall be completed[1] no later than **December 1, 2025**.

---

24

25   [1]  As used herein, the word "completed" means that all discovery shall have been conducted so
     that all depositions have been taken and any disputes relevant to discovery shall have been

26   resolved by appropriate order if necessary and, where discovery has been ordered, the order has
     been obeyed.  The parties are advised that motions to compel must be filed in advance of the

27   discovery completion deadlines so that the court may grant effective relief within the allotted
     discovery time.  A party's failure to have a discovery dispute heard sufficiently in advance of the

28   discovery cutoff may result in denial of the motion as untimely.

3

The parties do not propose any limitations or changes to the governing provisions of the Federal Rules of Civil Procedure.

**C.     Expert Discovery**

Disclosures of expert witnesses, if any, must be made pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), (B) and (C), and shall include all information required thereunder.  Each expert witness must be fully prepared to be examined on all subjects and opinions included in the disclosures.  Failure to comply with these requirements may result in the imposition of appropriate sanctions, including the preclusion of the expert's testimony, or of other evidence offered through the expert.

The parties shall disclose initial experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) by no later than **January 2, 2026**.  With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed and reports produced in accordance with Federal Rule of Civil Procedure 26(a)(2) on or before **February 2, 2026.**

All expert discovery shall be completed no later than **March 4, 2026.**

V.     <u>MOTIONS</u>

All motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be filed on or before **April 20, 2026** shall be noticed for hearing before Judge Drozd on a date not more than 60 days from the date the motion is filed and on a date that is consistent with Judge Drozd's Standing Order.  Counsel are directed to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly scheduled law and motion calendar.

Prior to filing a motion for summary judgment or motion for partial summary judgment (summary adjudication), the parties are ordered to meet and confer, in person or by telephone, to discuss the issues to be raised in the motion.  **In addition to complying with the requirements of Local Rule 260, the parties must prepare a Joint Statement of Undisputed Facts, which identifies all relevant facts subject to agreement by all parties.**  The moving party is responsible for filing the joint statement concurrently with the motion.  In the notice of motion,

/////

4

1   the moving party shall certify that the parties have met and conferred as ordered above or provide

2   a statement of good cause for the failure to do so.

3   VI.   SETTLEMENT CONFERENCE

4          The undersigned requires parties to participate in a court-supervised settlement conference

5   with a settlement judge before the action may proceed to trial.  A settlement conference has not

6   been set at this time.  At any time before the final pretrial conference, the parties may file a joint

7   request that this action be referred to a settlement judge for the setting of a settlement conference.

8   If the parties have not participated in a court-supervised settlement conference by the time of the

9   final pretrial conference, the court will refer the action at that time to the assigned magistrate

10  judge for the setting of a settlement conference.  The parties shall contact the designated

11  settlement conference judge's chambers to ascertain that judge's settlement conference

12  procedures, including the procedure for submitting confidential settlement statements, which shall

13  not be filed and will not otherwise be disclosed to the trial judge.

14         Unless otherwise permitted in advance by the court, the attorneys who will try the case

15  shall appear at the settlement conference.  Pertinent evidence to be offered at trial, documents or

16  otherwise, should be brought to the settlement conference for presentation to the settlement judge.

17  Of course, neither the settlement conference statements nor communications during the settlement

18  conference with the settlement judge can be used by either party in the trial of this case.

19         Absent permission from the court, in addition to counsel who will try the case being

20  present, the individual parties shall also be present, and in the case of corporate parties,

21  associations or other entities, and insurance carriers, a representative executive with unrestricted

22  authority to discuss, consider, propose and agree, or disagree, to any settlement proposal or offer

23  shall also be present.  If for any reason the representative with unlimited authority cannot attend,

24  such a person must be available by phone or video throughout the conference.  In other words,

25  having settlement authority "up to a certain amount" is not acceptable.

26  VII.   FINAL PRETRIAL CONFERENCE

27         The final pretrial conference is set for **September 28, 2026 at 1:30 p.m.** before District

28  Court Judge Dale A. Drozd by Zoom.  Parties will receive a Zoom ID number and password for

the final pretrial conference by email from Judge Drozd's Courtroom Deputy Pete Buzo (PBuzo@caed.uscourts.gov).  Any other interested parties or members of the public may access the conference telephonically by dialing 888−557−8511 and using access code 9683466, at the time of the conference.  Because several matters may be set for the same afternoon, the parties will be notified in advance of the conference at what specific time the court anticipates calling their case so they can join the Zoom at that time.

The parties are directed to file a **joint** pretrial statement, carefully prepared and executed by all counsel, that complies with the requirements of this Local Rule 281 and Judge Drozd's Standing Order.  Counsel shall also email a copy of the joint pretrial statement in Word format to Judge Drozd's chambers at dadorders@caed.uscourts.gov.

The parties' attention is directed to Local Rules 281 and 282.  This court will insist upon strict compliance with these rules.  At the pretrial conference, the court will set deadlines to file trial documents, including motions *in limine*, trial briefs, and proposed jury *voir dire*, instructions, and verdict forms (where applicable).

VIII.   JURY TRIAL

A jury trial is set for **December 1, 2026 at 9:00 a.m.** in Courtroom 4 before District Court Judge Dale A. Drozd.  Trial is anticipated to last 2–6 court days.

IX.   REQUEST FOR BIFURCATION, APPOINTMENT OF SPECIAL MASTER, OR OTHER TECHNIQUES TO SHORTEN TRIAL

The parties have not made any such requests at this time and do not anticipate any such requests.

X.   RELATED MATTERS PENDING

The parties have not alerted the court to any related litigation.

XI.   OBJECTIONS AND MODIFICATIONS TO THE SCHEDULING ORDER

**This case schedule will become final without further order of the court unless objections are filed within fourteen (14) days of the entry of this order.**  The schedule, once final, shall not be modified except by leave of court upon showing of good cause.  The assigned

/////

6

magistrate judge is authorized to modify only the discovery dates to the extent any such modification does not impact the balance of the schedule of the case.

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, no stipulations extending scheduling requirements or modifying applicable rules are effective until and unless the court approves them.  Agreement of the parties by stipulation alone does not constitute good cause.  Any request or stipulation to modify this scheduling order must set forth:

(1)     the existing due date or hearing date as well as the discovery cutoff date, the last date for hearing motions, the final pretrial conference date, and the trial date;

(2)     whether there have been prior requests for extensions, and whether these were granted or denied by the court; and

(3)     specific, concrete reasons supporting good cause for granting of the extension.  For example, if the reason for the requested extension is that it "will promote settlement," the requesting party or parties must indicate the status of ongoing negotiations, i.e., have written proposals been exchanged; is counsel in the process of reviewing a draft settlement agreement; has a mediator been selected.

IT IS SO ORDERED.

Dated:   **January 15, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE