UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIME INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>TOURISMO EXPRESS, INC., et al.,<br><br>Defendants. | No. 2:24-cv-02492-DAD-CSK<br><br>ORDER DENYING MOTION TO REDESIGNATE DEFENDANT TOURISMO EXPRESS, INC. AS A PLAINTIFF, DENYING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, GRANTING MOTION TO DISMISS OR ALTERNATIVELY TO STAY THIS ACTION IN PART, AND DENYING MOTION TO AMEND SCHEDULING ORDER AS MOOT<br><br>(Doc. Nos. 29, 34, 35, 45) |

This matter is before the court on defendants Molina Amavizca, Flores, Santillan, Navarro Ayala, Mendez Navarro, Nevarez Ortega, Gurrola, Hernandez, and Gambino Reyes' ("the MTD defendants") motion to amend the scheduling order and motion to dismiss or alternatively stay this action, and defendants Rodriguez Calvillo and Navarro Ayala's ("the MTR defendants") motion to redesignate defendant Tourismo Express, Inc. ("Tourismo") as a plaintiff and motion to dismiss this action for lack of subject matter jurisdiction following the redesignation of defendant Tourismo destroying diversity, and defendants Molina Amavizca, Flores, Santillan, Navarro Ayala, Mendez Navarro, Nevarez Ortega, Gurrola, Hernandez, and Gambino Reyes' motion to

1

dismiss or alternatively stay this action.  (Doc. Nos. 29, 34, 35, 45.)  On December 23, 2025, the motion to amend the scheduling order was taken under submission on the papers pursuant to Local Rule 230(g).  (Doc. No. 33.)  On February 18, 2026, the motions to redesignate defendant Tourismo and dismiss this action filed by the MTR defendants were taken under submission on the papers pursuant to Local Rule 230(g).  (Doc. No. 41.)  On May 26, 2026, the court took the motion to dismiss filed by the MTD defendants under submission on the papers pursuant to Local Rule 230(g).  (Doc. No. 49.)  For the reasons explained below, the court will deny the MTR defendants' motion to realign defendant Tourismo as a plaintiff and dismiss this action, will grant the MTD defendants' motion to dismiss or alternatively stay this action in part, and will deny the MTD defendants' motion to amend the scheduling order as having been rendered moot by this order.

**BACKGROUND**

On September 12, 2024, plaintiff initiated this declaratory relief action in this federal court.  (Doc. No. 1.)  On October 9, 2024, plaintiff filed its first amended complaint ("FAC").  (Doc. No. 7.)  In its FAC, plaintiff alleges as follows.

Plaintiff is an insurance company which has provided defendant Tourismo with an insurance policy with a policy number of SD23080447 ("the subject policy").  (*Id.* at ¶ 8.)  This policy covers "third-party, bodily injury liability claims for vehicles owned and operated" by defendant Tourismo or operated by its employees.  (*Id.* at ¶ 14.)

On March 22, 2024, defendant Del Valle was driving a 2022 Volkswagen Crafter which crashed in Shasta County.  (*Id.* at ¶ 10.)  Several of the individual defendants named in this action were injured, while other individual defendants are heirs of Juan Diego Mendez, who died in that crash.  (*Id.* at ¶¶ 11–12.)  Defendant Tourismo had terminated defendant Del Valle from its employ on January 17, 2024.  (*Id.* at ¶ 16.)  Defendant Tourismo also did not own or lease the 2022 Volkswagen Crafter which crashed on March 22, 2024.  (*Id.* at ¶ 15.)  On April 10, 2024, the individual defendants who are heirs of decedent Mendez submitted wrongful death insurance claims with plaintiff and have requested the subject policy's liability limits.  (*Id.* at ¶ 19.)

/////

2

Accordingly, plaintiff now requests a declaratory judgment that there is no coverage under the subject policy for defendants' claims. (*Id.* at ¶ 21.)

On November 26, 2025, the MTD defendants filed the pending motion to amend the scheduling order. (Doc. No. 29.) On December 10, 2025, plaintiff and defendant Tourismo filed oppositions to that motion and on December 19, 2025, the MTD defendants filed their reply thereto. (Doc. Nos. 30, 31, 32.)

On January 26, 2026, the MTR defendants filed the pending motion to redesignate defendant Tourismo as a plaintiff in this action and moved to dismiss this case for lack of diversity jurisdiction premised on the granting of their motion to redesignate defendant Tourismo as a plaintiff. (Doc. Nos. 34, 35.) On January 27, 2026, the court found that those motions failed to comply with the court's standing order regarding meet and confer requirements and directed the MTR defendants to file a certification indicating that they had exhausted their meet and confer efforts. (Doc. No. 36.) On February 5, 2026, the MTR defendants filed certifications as to both motions. (Doc. Nos. 37, 38.) On February 18, 2026, plaintiff filed its oppositions to those motions and on February 25, 2026, the MTR defendants filed their replies thereto. (Doc. Nos. 39, 40, 42, 43.)

On April 17, 2026, the MTD defendants filed the pending motion to dismiss or alternatively stay this action. (Doc. No. 45.) On April 20, 2026, the court found that the motion also failed to comply with the court's standing order regarding meet and confer requirements and directed the MTD defendants to file a certification indicating that they had exhausted their meet and confer efforts. (Doc. No. 47.) That same day, the MTD defendants filed an amended notice of motion certifying that they had exhausted meet and confer efforts. (Doc. No. 46.) On April 30, 2026, plaintiff filed its opposition to that motion. (Doc. No. 48.) To date, the MTD defendants have not filed a reply to that opposition and the time in which to do so has passed. L.R. 230.

Below, the court will first address the legal standards applicable to each of the pending motions before turning to address the parties' arguments as to each of those motions.

/////

3

## LEGAL STANDARD

### A.   Motion to Amend the Scheduling Order

"The decision to modify a scheduling order is within the broad discretion of the district court." *FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1030 (E.D. Cal. 2002).  Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a case "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  Thus, when a party seeks to modify the scheduling order, that party must first show "good cause." *See Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992).  In *Johnson*, the Ninth Circuit explained that

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension.  Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.  Although existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification.  If that party was not diligent, the inquiry should end.

975 F.2d at 609 (internal quotation marks and citations omitted); *see also* 6A Wright & Miller, et al., Fed. Prac. & Proc. § 1522.2 (3d ed. 2018) ("What constitutes good cause sufficient to justify the modification of a scheduling order necessarily varies with the circumstances of each case.").

### B.   Motion to Redesignate a Defendant as a Plaintiff

"Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants.  It is our duty, as it is that of the lower federal courts, to look beyond the pleadings, and arrange the parties according to their sides in the dispute." *City of Indianapolis v. Chase Nat'l Bank of City of New York*, 314 U.S. 63, 69 (1941) (internal quotation marks omitted).  Accordingly, "[a] complaint's alignment of the parties is not binding on the courts." *Scotts Co. LLC v. Seeds, Inc.*, 688 F.3d 1154, 1157 (9th Cir. 2012) (internal quotation marks omitted).  "Instead, a court must realign the parties in order to protect our judgments against artful pleading and ensure an actual collision of interest." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008) (internal quotation marks omitted).

4

"In the Ninth Circuit, courts use the 'primary purpose' test when evaluating parties' realignment." *Ace Prop. & Cas. Ins. Co. v. McKesson Corp.*, No. 20-cv-09356-JSC, 2021 WL 908350, at *5 (N.D. Cal. Mar. 10, 2021) (quoting *Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000)). "If the interests of a party named as a defendant coincide with those of the plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as a plaintiff for jurisdictional purposes." *Dolch v. United Cal. Bank*, 702 F.2d 178, 181 (9th Cir. 1983). A federal court may not consider claims made in a related lawsuit to determine the primary purpose of the federal lawsuit, but instead "should limit its inquiry of what constitutes the primary dispute to the primary purpose of this federal case." *Scotts Co. LLC*, 688 F.3d at 1158.

## C.    Declaratory Judgment Act

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. Accordingly, "[a] lawsuit seeking federal declaratory relief must first present an actual case or controversy within the meaning of Article III, section 2 of the United States Constitution." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 (9th Cir. 1998). "It must also fulfill statutory jurisdictional prerequisites." *Id.* at 1222–23. "Second, if there is a case or controversy within its jurisdiction, the court must decide whether to exercise that jurisdiction." *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143–44 (9th Cir. 1994). "The district court's discretion to hear declaratory actions over which it has jurisdiction is guided by the Supreme Court's announcements in *Brillhart* [*v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942)]." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir. 2005). The Ninth Circuit has explained that:

> The *Brillhart* factors are non-exclusive and state that, (1) the district court should avoid needless determination of state law issues; (2) it should discourage litigants from filing declaratory actions as a means of forum shopping; and (3) it should avoid duplicative litigation. Essentially, the district court must balance concerns of judicial administration comity and fairness to the litigants. We have noted additional and potentially relevant considerations such as: whether

5

> the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a *res judicata* advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems.   In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

*Id.* at 672 (cleaned up) (quoting *Dizol*, 133 F.3d at 1225, n.5).

## DISCUSSION

**A.      Motion to Realign and the MTR Defendants' Motion to Dismiss[1]**

The MTR defendants move to realign defendant Tourismo as a plaintiff in this action and for this court to subsequently dismiss this case for lack of diversity jurisdiction. (Doc. Nos. 34, 35.) Specifically, the moving defendants argue that defendant Tourismo's interests are aligned with plaintiff in that defendant Tourismo also desires a declaration that defendant Del Valle was not employed by it and it did not own the vehicle that crashed. (Doc. No. 34-1 at 4–6.) Plaintiff responds that, though it and defendant Tourismo have come to the same position on facts based on deposition testimony and requests for admission, their interests do not coincide over the primary matter in dispute. (Doc. No. 39 at 5–7.)

The moving defendants' argument relies on the proposition that, in this case, the insurer and the insured share an interest in a finding of no coverage. (Doc. No. 34-1 at 5–6.) This is because a finding of no coverage would entail finding "that the vehicle was not owned by [defendant Tourismo and] that the driver was not employed by [defendant Tourismo.]" (*Id.* at 5.) To support their contention that defendant Tourismo and plaintiff share a common interest, the moving defendants cite to a letter written by the president of defendant Tourismo to plaintiff and the transcript of the deposition of defendant Tourismo's president. (Doc. No. 34-1 at 5.) However, the moving defendants do not cite any legal authority supporting the proposition that

---

[1]  The MTR defendants and the MTD defendants both argue that plaintiff and defendant Tourismo are aligned and, accordingly, there is a lack of diversity jurisdiction. (Doc. Nos. 34-1 at 4–6; 45-1 at 7–9.) Because the defendants' motions mirror each other in this regard, the court considers the propriety of realignment and the presence of diversity jurisdiction in this case as to both motions in this section of its order.

6

the court can consider these materials in resolving a motion to realign. It is true that "[w]hen evaluating the primary purpose of the litigation, the court first should look to the pleadings submitted by the parties, but the court in considering such a motion also 'has a duty to look beyond the pleadings to determine the actual interests of the parties.'" *Plumtree Software, Inc. v. Datamize, LLC*, No. 02-cv-05693-VRW, 2003 WL 25841157, at *3 (N.D. Cal. Oct. 6, 2003) (quoting *Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 704 (3d Cir. 1996)). Nevertheless, a review of the relevant caselaw reveals that courts are generally limited to consideration of only the allegations made in the complaint, the answer, joint status reports stating the parties' positions regarding scheduling pursuant to Federal Rule of Civil Procedure 26, and the nature of the suit in considering a motion to realign. *See, e.g., Plumtree Software, Inc.*, 2003 WL 25841157, at *3–4 (considering the timing of the lawsuit and the procedural posture of the patent infringement claim to determine the primary purpose of the lawsuit); *see also Scotts Co. LLC*, 688 F.3d at 1157–58 (holding that it was error for the district court to consider claims in parallel state court litigation but that it is proper to consider answers filed in the federal action); *Nationwide Agribusiness Ins. Co. v. Penn-Star Ins. Co.*, No. 1:23-cv-01528-JLT-CDB, 2024 WL 4307795, at *5–6 (E.D. Cal. Sept. 26, 2024) (considering the relief sought in the complaint and the general nature of the lawsuit as a declaratory relief action pertaining to insurance coverage to determine the primary purpose of the lawsuit); *Ace Prop & Cas. Ins. Co.*, 2021 WL 908350, at *6 (considering typical arrangement of parties in declaratory relief actions pertaining to insurance coverage). Accordingly, the court will not consider the discovery materials defendants have proffered in determining the primary purpose of this lawsuit in connection with the motion to realign.

In its FAC, plaintiff requests a "judicial declaration . . . that there is no coverage under the subject policy for the Defendants' claims[.]" (Doc. No. 7 at ¶ 21.) In its answer, defendant Tourismo asserts that it did not employ defendant Del Valle or own the vehicle which crashed, but denies the allegation that there is "no insurance available under the subject policy for any of the Individual Defendants[.]" (Doc. Nos. 7 at ¶¶ 14–18, 20; 16 at 14–18, 20.) Plaintiff and defendant Tourismo thus dispute whether plaintiff would owe insurance coverage as to the individual defendants' claims. Accordingly, the primary purpose of this lawsuit is to determine

7

whether plaintiff is obligated to indemnify defendant Tourismo with respect to the individual defendants' claims. *See Nationwide Agribusiness Ins. Co.*, 2024 WL 4307795, at *5–6 (collecting cases and finding that, in accordance with other declaratory relief actions pertaining to insurance coverage, the primary dispute was whether the plaintiff-insurers owed a duty to indemnify the insured); *see also In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, No. 4:22-md-03047-YGR, 2025 WL 1518041, at *3 (N.D. Cal. May 27, 2025) (finding that the declaratory relief action primarily concerned whether the insurers owed the insured a duty to defend or indemnify it in the underlying personal injury cases); *Telekenex, Inc. v. Axis Reinsurance Co.*, No. 12-cv-01617-JCC, 2012 WL 13028156, at *2 (W.D. Wash. Nov. 27, 2012) (finding that the primary matter in dispute was whether the insurance policy issued by defendant insurance company covered the judgment entered against the plaintiff).  Though there are other factual issues raised in the FAC regarding defendant Del Valle's employment and the ownership of the vehicle which crashed, these are ancillary to the primary purpose of determining the scope of coverage.  *See Nationwide Agribusiness Ins. Co.*, 2024 WL 4307795, at *6 (concluding that disputes regarding future allocation of coverage to co-insurers were ancillary to whether coverage was owed at all).

The moving defendants argue that the determination of whether plaintiff owes a duty to defend and indemnify defendant Tourismo inherently requires a determination of whether defendant Tourismo owned the vehicle which crashed or employed defendant Del Valle at the time of the crash.  (Doc. No. 34-1 at 4–5.)  In this regard, the moving defendants appear to contend that these factual issues are not "ancillary" to the primary purpose of this lawsuit. However, the court finds that the moving defendants' arguments in this regard fail because, in so arguing, they request that the court consider the elements of the claims asserted in the underlying state court action.  (Doc. No. 42 at 5) ("Tourismo stands to avoid liability for the subject accident if Prime is successful in proving its case[.]  . . .  As set forth above, the only way for Prime to obtain a judgment in its favor . . . is to prove that Tourismo did not own the subject vehicle nor employ the subject driver as of the date of the accident.  Those are the same facts that Tourismo must prove in order to avoid liability on the underlying personal injury claims.").  Under binding

8

Ninth Circuit precedent, the court cannot consider claims made in a separate lawsuit in determining the primary purpose of this action. *Scotts Co. LLC*, 688 F.3d at 1158 ("The district court erred when it determined the primary purpose of this federal lawsuit by considering the claims made in a different lawsuit."). Even if this court could consider the nature of the claims asserted in the state court actions in making this determination, "under the 'primary matter' test, courts align the parties in accordance with the principal purpose of the case, regardless of whether the parties disagree on other issues." *Am. Econ. Ins. Co. v. Aspen Way Enters., Inc.*, No. 14-cv-00009-BLG-SPW, 2014 WL 7461712 (D. Mont. Dec. 2, 2014). As discussed above, defendant Tourismo and plaintiff dispute whether the subject policy covers the crash in this case, despite defendant Tourismo conceding certain factual issues that the moving defendants would not. Under the primary purpose test, the court must therefore conclude that plaintiff and defendant Tourismo are properly aligned as opposing parties.

Moreover, persuasive out-of-circuit authority supports the current alignment in this case of insurer opposed by insured and injured party. The Eleventh Circuit, for instance, has recognized that "the normal alignment of parties in a suit seeking a declaratory judgment of non-coverage is Insurer versus Insured and Injured Party." *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1314 (11th Cir. 2012) (internal quotation marks omitted) (quoting *Home Ins. Co. of Ill. v. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998)). This is because an injured party shares interests with an insured party on the duty to indemnify and has no interest on the separate duty to defend dispute typically present in a declaratory relief action between insurer and insured. *Pickens County Priv. Sch. v. Twin City Fire Ins. Co.*, No. 7:23-cv-00817-LSC, 2023 WL 6849437, at \*4 (N.D. Ala. Oct. 17, 2023) (collecting cases); *see also Rojas v. Allied Pros. Ins. Co.*, No. 15-cv-60713-KMM, 2015 WL 11197789, at \*2 (S.D. Fla. July 24, 2015) ("[T]he Court finds that the majority of cases within the Eleventh Circuit have concluded that insureds and injured parties must be aligned on the same side of the 'v' against insurance carriers, regardless of whether there has been a judgment or settlement in the underlying case.").

For these reasons, the court will deny the moving defendants' motion to redesignate defendant Tourismo as a plaintiff. Accordingly, the court will also deny the MTR defendants'

9

motion to dismiss because it is premised on the motion to redesignate being granted.  (Doc. No. 35-1 at 4.)

**B.      The MTD Defendants' Motion to Dismiss or Alternatively Stay This Action**

The MTD defendants move to dismiss this action on the basis that the court lacks jurisdiction to hear it or should otherwise decline to exercise jurisdiction pursuant to the Declaratory Judgment Act.  (Doc. No. 45-1 at 4–14.)  As to the first basis, plaintiff argues that plaintiff and defendant Tourismo are aligned in this action and accordingly diversity jurisdiction is not present, an argument which the court rejected above.  (*Id.* at 7–9.)  The MTD defendants also argue that there is no dispute or controversy between insurer and insured in this action because plaintiff and defendant Tourismo appear to agree that the subject policy does not cover the underlying crash.  (Doc. No. 45-1 at 5–7.)  The MTD defendants have cited no authority to support the proposition that a declaratory relief action in the insurance coverage context does not present an Article III case or controversy where the insurer and insured appear to agree that the underlying incident is not covered by the subject policy.  The Ninth Circuit has stated that a case or controversy is presented where an insurer brings a declaratory judgment action to establish whether it "had a duty to defend and to indemnify" an insured party.  *Kearns*, 15 F.3d at 144 (concluding that under Ninth Circuit authority a case or controversy exists where an insurer brings a declaratory judgment action to establish whether it has a duty to defend and to indemnify an insured and that under Supreme Court authority "an insurer's declaratory judgment action regarding its duty to defend and indemnify was sufficiently ripe, even when the underlying liability action in state court had not yet proceeded to judgment").  Accordingly, the court rejects the MTD defendants' contention that this action does not present an actual case or controversy within the meaning of Article III.

As to the second basis, the moving defendants argue that resolution of this action will entail resolving the same questions of fact as the underlying negligence actions pending in state court will resolve.  (Doc. No. 45-1 at 11–14.)  Accordingly, they argue that the court should decline to exercise jurisdiction to avoid duplicative and possibly contradictory results between the

/////

state courts and this court.[2]  (*Id.*)  Below, the court addresses each of the *Brillhart* factors used to determine whether it is proper for this court to exercise prudential jurisdiction pursuant to the Declaratory Judgment Act.

       1.      <u>Needless Determination of State Law Issues</u>

"A needless determination of state law may involve:  (1) an ongoing parallel state court proceeding regarding the precise state law issue, (2) an area of law Congress expressly left to the states, or (3) a lawsuit with no compelling federal interest."  *Rimini Street, Inc. v. Hartford Fire Ins. Co.*, No. 2:15-cv-02292-JCM-CWH, 2016 WL 3192709, at *5 (D. Nev. June 6, 2016) (internal quotation marks omitted) (quoting, with alterations, *Travelers Cas. Ins. Co. of Am. v. Am. Home Realty Network, Inc.*, No. 13-cv-00360-SC, 2013 WL 1808984, at *6 (N.D. Cal. Apr. 29, 2013)).  "State and federal proceedings are considered parallel in this context if (1) the proceedings involve the same issues and parties pending at the time the federal declaratory action is filed[;] or (2) the parties in the proceedings are not the same but an ongoing state proceeding involves a state law issue that is predicated on the same factual transaction or occurrence involved in a matter pending before a federal court."  *WCF Nat'l Ins. Co. v. Gilligan Com. LLC*, No. 24-cv-03497-PHX-DWL, 2025 WL 2771368, at *5 (D. Ariz. Sept. 29, 2025) (cleaned up) (quoting *Am. Nat'l Fire Ins. Co. v. Hungerford*, 53 F.3d 1012, 1017 (9th Cir. 1995), *overruled in part on other grounds by Dizol*, 133 F.3d 1220).

Here, the moving defendants argue that this action will decide an issue of state law which is the subject of a parallel state action, specifically defendant Tourismo's ownership of the vehicle and employment of defendant Del Valle.  (Doc. No. 45-1 at 11–12.)  In support of this proposition, the moving defendants attach their complaint filed in the action entitled *Orozco Gonzalez, et al. v. Seso, Inc., et al.*, No. CGC-24-617952, pending in the San Francisco County

/////

---

[2]  In this regard, the moving defendants cite to a Southern District of California order listing the factors to be considered in exercising prudential jurisdiction pursuant to the Declaratory Judgment Act.  (*Id.* at 9–10) (citing *Home Indem. Co., N.Y. v. Lechner*, 191 F. Supp. 116, 119 (S.D. Cal. 1961)).  The Ninth Circuit, in the over six decades since that non-binding district court order, has set out the different factors identified above as those to be considered.  *Principal Life Ins. Co.*, 394 F.3d at 672.  The court will, and must, apply this binding Ninth Circuit precedent.

11

Superior Court (Doc. No. 45-2 at 5–9) and defendant Tourismo's answer filed in that action (*id.* at 11–16).[3]  In that complaint, the moving defendants allege that defendant Tourismo was "hired, retained, contracted, or otherwise responsible for transporting" decedent and the MTR defendants and that defendant Tourismo required its drivers to complete the trip in a non-stop fashion.  (*Id.* at 9.)  Defendant Tourismo answered that complaint by asserting affirmative defenses that any actions that led to the individual defendants' injuries were not undertaken within the course and scope of employment with defendant Tourismo and that it was not the owner of the vehicle or the employer of the driver.  (*Id.* at 15.)  In this federal declaratory relief action, plaintiff seeks a judicial declaration that it does not owe coverage under the subject policy based on the facts that defendant Tourismo did not own the vehicle involved in the crash nor employed the driver of that vehicle.  (Doc. No. 7 at ¶ 21.)  Thus, both this action and the state court action will require resolution of the same essential factual questions–at the time of the crash did defendant Tourismo own the vehicle involved and did it employ the driver of that vehicle.

Because this action and the underlying state tort action both involve resolution of the same factual questions, these actions are parallel.  *See WCF Nat'l Ins. Co.*, 2025 WL 2771368, at *5 (finding that a state tort action was parallel to the federal declaratory relief action regarding insurance coverage because both actions depended on resolution of the same disputed factual

---

[3]  Plaintiff objects to the court's consideration of either of these documents on the basis that the materials are not relevant, that the answer is "inadmissible hearsay," and that the answer is not "properly before the Court by way of a Request for Judicial Notice."  (Doc. No. 48 at 2.)  The court takes judicial notice of these documents because they are court filings and "the accuracy of these filings cannot reasonably be questioned."  *Leramo v. Wells Fargo Bank, N.A.*, No. 1:19-cv-00090-DAD-JLT, 2019 WL 1651268, at *4 (E.D. Cal. Apr. 17, 2019) (citing *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006)); *see also Callan v. N.Y. Cmty. Bank*, 643 F. App'x 666, 666–67 (9th Cir. 2016) (holding that the district court did not abuse its discretion in *sua sponte* taking judicial notice of state court filings because Federal Rule of Evidence 201 authorizes that act at any stage of the proceeding).  The court does not do so for the truth of the facts recited therein, but simply for the fact that the documents exist.  *Briseno v. Bonta*, 621 F. Supp. 3d 1065, 1069 n.3 (C.D. Cal. 2022).  The court accordingly overrules plaintiff's hearsay objection because it does not use these documents for the truth of the matters asserted therein.  Fed. R. Evid. 801.  Plaintiff's relevance objection is overruled because the documents provided by the moving defendants are relevant in determining the nature of the state court action and whether this action is parallel.  Plaintiff's objection pertaining to judicial notice is overruled for the reasons stated above.

issues); *see also Alps Prop. & Cas. Ins. Co. v. Levine L. Grp., Inc.*, 646 F. Supp. 3d 1304, 1310 (D. Nev. 2022) (finding that the first *Brilhart* factor weighed in favor of dismissal in part because the federal declaratory relief action raised the same factual issues as the underlying state tort action); *Travelers Indem. Co. of Conn. v. Newlin*, No. 20-cv-00765-GPC-DEB, 2020 WL 5517591, at *12–13 (S.D. Cal. Sept. 14, 2020) (finding that the needless determination of state law issues factor weighed against exercising jurisdiction because the federal declaratory relief action involved resolution of similar factual issues as the underlying state action).  Plaintiff argues that the underlying state action does not raise a claim of insurance coverage and cites to a district court order where the court exercised jurisdiction pursuant to the Declaratory Judgment Act despite the existence of a pending state court action.  (Doc. No. 48 at 6–7) (citing *Maxum Indem. Co. v. Kaur*, 356 F. Supp. 3d 987, 995–96 (E.D. Cal. 2018)).  However, plaintiff's argument in this regard misses the mark:  The order cited by plaintiff and other similar decisions pertain to federal declaratory relief actions where there was no commonality of factual issues between the state and federal action.  *See Maxum Indem. Co.*, 356 F. Supp. 3d at 995 (exercising jurisdiction under the Declaratory Judgment Act where "the factual issues on which coverage can be determined are undisputed and do not require admission of fault by the insured such that it implicates liability issues in the Underlying Action[]"); *see also State Farm Fire & Cas. Co. v. Willison*, 833 F. Supp. 2d 1200, 1215 (D. Haw. 2011) (finding no risk of duplicative litigation where the federal declaratory relief action would not disturb or affect any findings of fact related to the underlying state action); *Associated Indus. Ins. Co. Inc. v. Shamamian*, No. 23-cv-00797-PHX-DWL, 2023 WL 8076222, at *8–9 (D. Ariz. Nov. 21, 2023) (finding that the facts at issue in the declaratory relief action and the underlying state court action did not overlap because whether the insurance policy covered the claims at issue depended on different facts).  Accordingly, the court rejects plaintiff's argument because resolution of the same factual issues is required in both this declaratory relief action and the underlying state court action.

Therefore, the court finds that consideration of the first *Brillhart* factor weighs against this court exercising jurisdiction.

/////

2.      Forum Shopping

Neither party addresses whether plaintiff is engaged in forum shopping by bringing this federal action.  Nevertheless, because the moving defendants have properly raised the issue of whether the court should decline to exercise jurisdiction under the Declaratory Judgment Act, the court must consider each of the *Brillhart* factors.  Accordingly, the court will consider whether plaintiff's federal action constitutes forum shopping.

"Forum shopping refers to the practice of choosing the most favorable jurisdiction or court in which a claim might be heard.  To avoid forum shopping, courts may consider 'the vexatious or reactive nature of either the federal or the state litigation.'"  *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 981 (9th Cir. 2011) (cleaned up) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 17 n.20 (1983)).  One district court has summarized when a federal action invoking jurisdiction may be considered reactive as follows:

> Reactive litigation can include (1) "trying to obtain some sort of undue advantage," *[Devs. Sur. & Indem. Co. v. Coyote Creek Constr. Inc.*, No. 20-cv-00914-PHX-SRB, 2021 WL 1930270, at *6 (D. Ariz. Jan. 11, 2021]*, such as "filing a declaratory judgment action in federal court 'during the pendency of a non-removable state court action presenting the same issues of law,'" *R.R. St. & Co.*, 656 F.3d at 976 (citation omitted); (2) "attempting to undermine or preempt an established or pending state court ruling," *[Nat'l Union Fire Ins. Co. of Pittsburgh v. Aero Jet Servs., LLC*, No. 11-cv-01212-PHX-DGC, 2011 WL 4708857, at *4 (D. Ariz. Oct. 7, 2011)]*; or (3) "filing a federal court declaratory action to see if it might fare better in federal court at the same time the insurer is engaged in a state court action," *Am. Cas. Co. of Reading, Pennsylvania v. Krieger*, 181 F.3d 1113, 1119 (9th Cir. 1999).

*Shamamian*, 2023 WL 8076222, at *10 (cleaned up).

Here, plaintiff concedes that it brought a state court action seeking declaratory relief regarding the same insurance coverage issues on September 24, 2024 (Doc. No. 45-2 at 18) and voluntarily dismissed that action on March 6, 2025.  (Doc. No. 48 at 2.)  As stated above, plaintiff initiated this federal action on September 12, 2024.  (Doc. No. 1.)  The mere availability of potential relief in state court does not support a finding that plaintiff has engaged in forum shopping.  *WCF Nat'l Ins. Co.*, 2025 WL 2771368, at *10 (finding that the existence of alternative relief in state court did not support a finding of forum shopping); *see also Maxum*

14

*Indem. Co.*, 356 F. Supp. 3d at 996 (same).  However, filing a federal action at the same time that a plaintiff is pursuing a state court action pertaining to the same claims does support a finding that the plaintiff engaged in forum shopping.  *Krieger*, 181 F.3d at 1119 (providing an example of forum shopping of an insurer filing a federal court declaratory action at the same time the insurer is engaged in a state court action); *see also Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1259 (9th Cir. 1988) (holding that the district court did not err in determining that the appellant was forum shopping by "abandoning its state court case" to pursue a federal action).  Nevertheless, it is unclear for what purpose plaintiff dismissed the state court case or if plaintiff sought an advantage by pursuing this action as is typical of forum shopping. *See Admiral Ins. Co. v. Fusion Pac., Inc.*, No. 5:22-cv-00109-SB-SHK, 2022 WL 3574172, at *7 (C.D. Cal. July 22, 2022) (declining to find forum shopping under the *Colorado River* doctrine where there was no indication that the plaintiff had faced a setback in state court litigation prior to filing the federal action); *see also Charter Oak Fire Ins. Co. v. Conway Constr. Co.*, No. 14-cv-05646-BHS, 2014 WL 6655395, at *2 (W.D. Wash. Nov. 24, 2014) (finding that the second *Brillhart* factor weighed neutrally where there was no clear tactical advantage to filing a federal case but there was a parallel state proceeding involving the same operative question of fact). Moreover, another district court has suggested that voluntary dismissal of the state action in favor of a federal action, without more, does not suggest forum shopping.  *Mid-Century Ins. Co. v. Zanco*, 456 F. Supp. 3d 1213, 1220–21 (E.D. Wash. 2020) ("Plaintiff was entirely within its rights to dismiss its state court action and file anew in federal court on the basis of diversity jurisdiction.").

In light of the forgoing, the court finds that consideration of the second *Brillhart* factor of discouraging forum shopping weighs neutrally in determining whether this court should exercise jurisdiction.

### 3.    Duplicative Litigation

The moving defendants argue that this federal declaratory relief action is needlessly duplicative of the state action because it seeks to determine factual issues which will be resolved by the state action.  (Doc. No. 45-1 at 11–12.)  Defendants also argue that allowing this action to

proceed could lead to inconsistent judgments between this court and the state court in the underlying tort action.  (*Id.* at 12–13.)  In this regard, the argument advanced by the moving defendants mirrors the analysis as to the first *Brillhart* factor.  "The first and third *Brillhart* factors often go hand in hand.  Duplicative litigation arises when the federal and state actions are parallel proceedings."  *WCF Nat'l Ins. Co.*, 2025 WL 2771368, at *11 (internal citations omitted); *see also Alps Prop. & Cas. Ins. Co.*, 646 F. Supp. 3d at 1311–12 (concluding that the third *Brillhart* factor weighed against exercising jurisdiction based on the same reasoning provided with regards to the first *Brillhart* factor that there would be needless litigation of factual issues to be resolved in the parallel state action).  As described above, resolution of this action will depend on resolving disputed questions of fact that also appear to have arisen in the parallel state court proceeding.  Accordingly, consideration of the third *Brillhart* factor also weighs against exercising jurisdiction here.[4]

Because the first and third *Brillhart* factors weigh against exercising jurisdiction over this declaratory relief action, the court will grant the moving defendants' motion to dismiss or stay these proceedings.  The parties do not address whether dismissal or a stay is more appropriate as relief in this action.  The court observes that district courts in the Ninth Circuit have alternatively entered stays or granted dismissals when finding that the *Brillhart* factors weigh against exercising jurisdiction.  *Compare Lexington Ins. Co. v. Silva Trucking, Inc.*, No. 2:14-cv-00015-KJM-CKD, 2014 WL 1839076, at *10 (E.D. Cal. May 7, 2014) (dismissing declaratory relief action where the *Brillhart* factors weighed against the exercise of jurisdiction); *Atain Specialty Ins. Co. v. Slocum*, No. 1:29-cv-00247-AWI-SKO, 2019 WL 6918273, at *8 (E.D. Cal. Dec. 19, 2019) (declining to exercise jurisdiction and dismissing action), *with Burlington Ins. Co. v.*

---

[4] The parties do not meaningfully address the remaining factors identified by the Ninth Circuit in *Dizol* as potentially relevant, namely, whether the declaratory relief action will settle all aspects of the controversy, whether it will clarify the legal relations at issue, whether it is sought to obtain a *res judicata* advantage, whether the use of the declaratory relief action will result in entanglement between the federal and state court systems, and the convenience to the parties and existence of other remedies.  *Dizol*, 133 F.3d at 1225 n.5.  The court finds that consideration of these factors, to the extent that they have not already been addressed in the court's analysis set forth above, would not affect the court's conclusion that the court must decline to exercise jurisdiction.

*Panacorp, Inc.*, 758 F. Supp. 2d 1121, 1146 (D. Haw. 2010) ("[T]he use of stays instead of dismissal has been approved by courts in this circuit upon finding the *Dizol* factors warrant declining jurisdiction.") (internal quotation marks omitted) (quoting *Phoenix Assurance PLC v. Marimed Found. for Island Health Care Training*, 125 F. Supp. 2d 1214, 1223 (D. Haw. 2000)). Here, because the court is declining to exercise jurisdiction to avoid deciding factual issues shared with the underlying state action, the court finds that a stay is the more appropriate relief. *Maryland Cas. Co. v. Witherspoon*, 993 F. Supp. 2d 1178, 1186 (C.D. Cal. 2014) (finding that a stay was appropriate to avoid the risk of inconsistent factual determinations with the state court but declining to dismiss to avoid the risk of a time bar preventing the plaintiff from receiving declaratory relief).

**C.    Motion to Amend Scheduling Order**

The MTD defendants also move to amend the scheduling order in this action on the basis that they need to conduct further factual discovery regarding whether defendant Tourismo employed the driver of the vehicle which crashed and whether it owned that vehicle.  (Doc. No. 29 at 5–8.)  Because the court will stay this action pending the outcome of the state proceedings which, as discussed above, will resolve these factual questions, the court will deny the MTD defendants' motion to amend the scheduling order as having been rendered moot.

**CONCLUSION**

For the reasons above,

1.    Defendants Navarro Ayala and Rodriguez Calvillo's motions to redesignate defendant Tourismo as a plaintiff (Doc. No. 34) and to dismiss this action for lack of diversity jurisdiction (Doc. No. 35) are DENIED;

2.    Defendants Molina Amavizca, Flores, Santillan, Navarro Ayala, Mendez Navarro, Nevarez Ortega, Gurrola, Hernandez, and Gamino Reyes' motion to dismiss or alternatively stay this action (Doc. No. 45) is GRANTED in part;

3.    This action is STAYED pending the resolution of the underlying state action;

4.    Every ninety (90) days from the date of this order, the parties shall file a joint status report regarding the status of the underlying state action; and

17

5.    Defendants Molina Amavizca, Flores, Santillan, Navarro Ayala, Mendez Navarro, Nevarez Ortega, Gurrola, Hernandez, and Gambino Reyes' motion to amend the scheduling order is DENIED as having been rendered moot by this order.

IT IS SO ORDERED.

Dated:    __**May 28, 2026**__                          _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE